# UNITED STATES DISTRICT COURT
for the
Western District of Kentucky

**FILED**
VANESSA L. ARMSTRONG, CLER

OCT 11 2018

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 3:18-MJ-583 |
| Lubana SINGH | ) | |
| | ) | |
| Defendant | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  10/11/2018  in the county of  Jefferson  in the  Western  District of Kentucky , the defendant violated  Title 21  U. S. C. §  841(a)(1) , an offense described as follows:

On or about October 10, 2018, in Louisville, Kentucky, Jefferson County, in the Western District of Kentucky, Singh knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance (methamphetamine).

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_Complainant's signature_

Timothy R. Fritz II, Special Agent - DEA
_Printed name and title_

Sworn to before me and signed in my presence.

Date: 10/11/2018

_Judge's signature_

City and state: Louisville, Kentucky

Regina S. Edwards, U.S. Magistrate Judge
_Printed name and title_

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Timothy R. Fritz II, Special Agent of the Drug Enforcement Administration, being duly sworn, depose and state as follows:

1. Your affiant is a Special Agent with the Drug Enforcement Administration (DEA), in the Louisville, Kentucky Division Office. Affiant has been a DEA Special Agent for approximately 6 years and has been a law enforcement officer for approximately 12 years. Your affiant has extensive training and experience in investigations involving the possession and distribution of controlled substances. I am authorized and have the responsibility to investigate and arrest persons for violations of federal law, involving the unlawful distribution of drugs, (21 U.S.C. § 841 (a)(1), attempt and conspiracy to commit the same (21 U.S.C. § 846), money laundering (18 U.S.C. § 1956 and 1957), and armed drug trafficking (18 U.S.C. § 924(c)). The following information has been obtained through personal observation and knowledge or was told to this Affiant by other law enforcement agents.

2. I have been involved in the investigation of this matter, along with other law enforcement officers and agents, concerning potential violation of the Controlled Substance Act, Title 21, United States Code, Section 841, namely the unlawful possession and possession with intent to distribute a controlled substance.

3. I am familiar with the information contained in this affidavit through my own personal participation in the investigation, my review of documents, and my conversations with other law enforcement officers and agents. Because this affidavit is submitted in support of application for a criminal complaint and arrest warrant, I have not included every fact known concerning this investigation. I have, however, set forth a statement of fact and circumstances sufficient to establish probable cause for the issuance of an arrest warrant.

4. On Wednesday, October 10, 2018, SA Timothy R. Fritz II was contacted by Shively Police Department Detective Mike Kuzma regarding a traffic stop that had been conducted near the intersection of Cheviot Drive and Garrs Lane, Louisville, Kentucky.

5. At approximately 2:05 p.m., while traveling South on Cane Run Road, Shively Police Department Officer Jeremiah Landry and Detective Mike Kuzma observed a black tinted Dodge Journey with Kentucky License Plate 224RCS fail to use a

turn signal prior to turning onto Cheviot Drive. Officer Landry initiated a traffic stop on the vehicle at the intersection of Cheviot Drive and Garrs Lane. Upon approaching the vehicle, Officer Landry made contact with the driver, who identified himself as Lubana Singh. Singh was the only occupant in the vehicle. Singh was unable to provide a driver's license to Officer Landry. Officer Landry advised Singh the reason for stopping the vehicle and asked a few simple questions. Officer Landry asked Singh to step outside the vehicle to speak to the officer. While speaking to Singh, Officer Landry observed Singh become increasingly nervous and evasive with the answers to the officer's questions. Based on the officer's training and experience, Singh's behavior displayed characteristics that were suspicious and potentially consistent with being involved in criminal activity. Based on that observation, Officer Landry asked for consent to search the vehicle and Singh agreed to let officers do so. Prior to searching the vehicle, Officer Landry contacted Shively K9 Officer Timmy Salyer to respond to the scene. Upon arriving on the scene, Officer Salyer utilized K9 "Ringo" to conduct an exterior sniff of the vehicle. Upon conducting the sniff, the K9 positively alerted to the passenger side of the vehicle. Upon searching the passenger side of the vehicle, Officer Landry and Detective Kuzma found a black backpack with three separate large bindles of a substantial amount of methamphetamine. After discovering the large quantity of methamphetamine, Detective Kuzma contacted DEA SA Tim Fritz and asked if he could respond to the scene.

6. After arriving at the scene, SA Fritz and SA Milton Galanos advised Singh of his Miranda Rights and attempted to interview Singh. However, after being read his rights, he stated he wanted to speak to an attorney.

7. Subsequent to the traffic stop, law enforcement officers applied for a search warrant for Singh's residence located at 4326 Diamond Way, Louisville, Kentucky. Upon receiving that authorization, Louisville Metro Police K9 Detective Hankinson utilized K9 "Franklin" to conduct an interior sniff of the residence. Upon sniffing the back bedroom closet, K9 "Franklin" positively alerted to a safe. The safe was taken outside and opened in the presence of Singh's wife, Brittany Whitaker. When opening the safe, SA Fritz observed a large undetermined amount of U.S. currency (conservatively estimated at greater than $50,000), digital scale, and several bottles of unknown prescription medication with names of none of the residents in the house. SA Fritz and SA William Cronin asked Singh's wife, Brittany Whitaker, if she was aware of any large amount of currency in the residence and she stated she had about two thousand dollars in the bedroom dresser. Agents found approximately $1700 in the bedroom dresser drawer that was not seized. When SA Fritz showed Whitaker the large amount of U.S. currency found in the safe, she stated she had never seen that money before and that it was not her money. Whitaker signed the evidence bag denying the claim that it was her money.

8. Based on the above facts and circumstances as well as this Affiant's training and experience, Affiant states that there is probable cause to believe that Lubana Singh has committed violations of Title 21, USC Section 841 (a) (1).

Timothy R. Fritz II
Special Agent
Drug Enforcement Administration

Sworn to before me this 11th day of October 2018.

Judge Regina S. Edwards
United States Magistrate Judge
Western District of Kentucky