UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:18-CR-180-CRS
                                                              *(Filed Electronically)*

LUBANA SINGH                                                          DEFENDANT


UNITED STATES' RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS

The Defendant, Lubana Singh, seeks to suppress evidence seized from his vehicle on October 10, 2018 and his post-arrest statement. [DN 54]. Singh claims that his Fourth Amendment rights were violated when Officer Landry searched his vehicle, and that his consent to search was not voluntary. Moreover, Singh asserts his post-arrest statement was in violation of his Sixth and Fifth Amendment rights.

FACTUAL BACKGROUND

On October 10, 2018, Officer Jeremiah Landry of the Shively Police Department was patrolling in the area of Crums Lane and Chevoit Drive. He observed a black Dodge Journey bearing Kentucky license plate number 244RCS travelling at a visibly high rate of speed east bound on Crums Lane approaching Chevoit Drive. The vehicle then turned south bound on Cheviot Drive without signaling its intent to turn. Officer Landry initiated a traffic stop on the vehicle. Once Officer Landry approached, he had Singh produce a copy of his license, registration, and insurance information. The two engaged in a little small talk.

Officer Landry noted that the defendant was very nervous during the traffic stop. As a result, the following exchange occurred:

1

**Officer Landry:** Well look, is everything alright with you, man?

**Singh:** Yes sir, pretty good I'm just feels like awful because I've never got no pull up like that. I mean, nobody stop me because I made a mistake. I'm really apologize.

**Officer Landry:** [Officer on his radio] She was checking the status of your driver's license. Umm…The reason I was asking about is everything is okay with you man is because you seem a little nervous. You're shaking.

**Singh:** No, because…

**Officer Landry:** Your hands are shaking.

**Singh:** No, no, it's [inaudible] I made a mistake because she almost hit me back there on uh Crums Lane

**Officer Landry:** Uh huh

**Singh:** And uh I never got pulled over like that

**Officer Landry:** Really?

**Singh:** Yes sir.

**Officer Landry:** Oh. Okay. Well, you live just outside of Shively technically.

**Singh:** Yes, sir.

**Officer Landry:** Okay. You're not like, you don't live inside of our city limits so, but we have been having a lot of problems lately with uh I don't want to say gang activity, but you know like little burglaries, and thefts, and things like that. And everybody in the city is real nervous about it, so we're trying to crack down. That's what we are really doing.

**Singh:** [Inaudible]

**Officer Landry:** Well, look. Just, just to kind of go along with me on it, to make sure I'm doing my job, uh and everything like that, do you have anything people need to know about?

**Singh:** No, sir.

**Officer Landry:** Any bombs, or guns, or knives?

**Singh:** No, sir. I don't do nothing like that. I swear.

**Officer Landry:** Nothing like that?

**Singh:** I swear that on my kids and my wife.

**Officer Landry:** Okay. Well, um would you mind, would you mind if we checked just to make sure there's no, nothing explosive or anything dangerous?

**Singh:** No, sir.

**Officer Landry:** I really appreciate you cooperating with me about it.

**Singh:** Yeah, yeah. Yeah, sure.

**Officer Landry:** Yeah.

(See Exhibit 1 at 2:19)

After this exchange, the officer had Singh step out of the vehicle and he pat Singh down for his safety. The traffic stop, and the consent obtained therein, were recorded on Officer Landry's body camera. During the search of the vehicle, five pounds of methamphetamine were discovered in a backpack located in the passenger side floorboard. As a result of the evidence recovered during the October 10, 2018 traffic stop, Singh was charged with one count of possession with intent to distribute methamphetamine.

ARGUMENT

The Fourth Amendment is implicated in this case because stopping an automobile and detaining its occupant constitutes a seizure, even if the purpose of the stop is limited and the resulting detention quite brief. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). The Fourth Amendment forbids law enforcement officers from making unreasonable searches and seizures, "and its protections extend to brief investigatory stops of …. vehicles that fall short of traditional arrest." *United States v. Lyons*, 687 F.3d 754, 762-763 (6th Cir. 2012). In order to effect a traffic stop, an officer must possess either probable cause of a civil infraction or reasonable suspicion of criminal activity. *Id.* In this case, Singh was stopped initially by the police because of traffic violations.

As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. *United States v. Johnson*, 242 F. 3d 707, 709 (6th Cir. 2001). The pertinent Fourth Amendment framework for the initial stop is the reasonable suspicion standard. The reasonableness of a traffic stop is measured by the same standards set forth for investigatory stops in *Terry v. Ohio*, 392 U.S. (1968). The Fourth Amendment principles that define the scope of reasonable police conduct under *Terry* also circumscribe any subsequent detention or search resulting from the traffic stop. Reasonable

suspicion supporting a traffic stop may ripen very quickly, however, into probable cause to search a vehicle based on the officer's interactions with the car's occupants. *United States v. Lyons*, 687 F. 3d 754, 763-764 (6th Cir. 2012).

An officer conducting a traffic stop may request consent to search the vehicle. A search conducted pursuant to a valid consent is a well-recognized exception to the Fourth Amendment's general warrant requirement. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973). "Consent must be proved by clear and positive testimony and must be unequivocally, specifically, and intelligently given, uncontaminated by any duress and coercion." *United States v. Tillman*, 963 F.2d 137, 143 (6th Cir. 1992)(citing *United States v. Williams,* 754 F.2d 672, 674–5 (6th Cir.1985)). In determining if the consent was valid, the Court must make a fact-specific determination based on the totality of the circumstances. *Id.*

The defendant's argument is based on a convoluted interpretation of his interactions with law enforcement that is not borne out by the body camera footage in this case. Officer Landry explained to the defendant that they had been having a lot of problems with "little burglaries, and thefts, and things like that." (See Exhibit 1 at 3:01). The defendant argues that the line of questioning that followed this statement by the officer implied he was a terrorist. That is an outrageous assertion that is unsubstantiated by the body camera video.

In this case, the police officer had probable cause to pull Singh over for committing traffic violations. As the body camera video clearly shows, during the traffic stop the officer was pleasant and there was nothing confrontational or coercive about the officer's interaction with Singh. Singh freely consented to the search of his vehicle. When asked by Officer Landry, "Would you mind if we checked just to make sure there's no, nothing explosive or anything dangerous?" Singh answers without hesitation, "No, sir." (See Exhibit 1 at 3:30). The totality of

the circumstances support that Singh's consent was provided voluntarily and without reservation. Hence, Singh's consent to the search of his vehicle was valid and not done in violation of his Fourth Amendment rights.

In order to assist the Court in reviewing the totality of the circumstances surrounding the traffic stop of Singh, the United States has attached as Exhibit 1 a copy of Officer Landry's body camera footage, which was previously provided in discovery to defense counsel as bates number USA-000064. (See Exhibit 1 at 00:20-13:03). Before he is entitled to an evidentiary hearing, a defendant must make some initial showing of contested facts. *United States v. McGhee*, 161 F. App'x 441, 444 (6th Cir. 2005)(citing *United States v. Giacalone,* 853 F.2d 470, 483 (6th Cir.1988)). "Evidentiary hearings on motions to suppress should be granted 'when the defendant alleges sufficient facts which if proven would justify relief.'" *Id*. at 444 (citing *United States v. Coleman,* 149 F.3d 674, 677 (7th Cir.1998). Because Singh has not alleged that the video does not clearly capture the events behind his consent, and could not raise it based on the clarity of the video, a factual hearing is not necessary.

<u>POST-ARREST STATEMENT</u>

On October 10, 2018, after the traffic stop in which five pounds of methamphetamine were discovered in Singh's vehicle, he was placed under arrest. Special Agent Galanos advised Singh of his *Miranda* rights, and Singh signed the waiver of rights form. However, once the agents began questioning Singh regarding the methamphetamine, he informed officers he wished to speak to an attorney. At that time, the questioning ceased.

While arrangements were being made to transport Singh to Oldham County Jail for the overnight hours, he informed Special Agents Galanos and Fritz that he wanted to help himself and speak with agents. Singh was then placed in an interview room at the Drug Enforcement

Administration Office. After Agent Galanos reviews the day's events with Singh, he asks Singh to confirm that he wishes to speak with agents without the presence of an attorney. Singh responds, "No, I said I want an attorney."

The defense seeks to suppress Singh's statement after this invocation for an attorney was made. The United States agrees that it will not seek to use any of these statements in Singh's trial. As such, the issue is moot and need not be decided by this Court.

Respectfully submitted,

RUSSELL M. COLEMAN
United States Attorney

*/s/ Alicia P. Gomez*_____
Alicia P. Gomez
Assistant U.S. Attorney
717 W. Broadway
Louisville, KY  40202
(502) 582-6326

## CERTIFICATE

I hereby certify that on May 6, 2019, I filed the foregoing response electronically with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Rob Eggert, counsel for the Defendant, Lubana Singh.

*/s/ Alicia P. Gomez*_____
Alicia P. Gomez
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                    CRIMINAL ACTION NO. 3:18-CR-180-CRS

LUBANA SINGH                                                                DEFENDANT

ORDER

Defendant having filed his Motion for to Suppress Evidence, the United States having responded thereto, and the Court being sufficiently advised,

**IT IS HEREBY ORDERED AND ADJUDGED** that the defendant's motion is **DENIED.**