UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                        Plaintiff

v.                                                           Criminal Action No. 3:18-CR-180-RGJ

LUBANA SINGH-01                                                               Defendant

* * * * *

## **MEMORANDUM OF CONFERENCE AND ORDER**

An in-person status conference was held in this matter on October 19, 2020 before the Honorable Rebecca Grady Jennings, United States District Judge. The Court's official reporter was Becky Boyd. The following counsel participated in the status conference:

For the United States: Alicia Gomez

For the Defendant:    Trish Lister, on behalf of Rob Eggert and Pat Renn for Lubana Singh.  Defendant was not present

The Court and counsel discussed the procedural posture of the case. Counsel for the United States informed the Court that the parties continue to work towards a resolution in this matter, but due to the pandemic it has taken longer than anticipated. Counsel did confirm for the Court the next hearing in person the Court will need to provide a Punjabi Interpreter for the defendant. Based on the discussion during the conference, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

**(1)** This matter is set for a status hearing via Zoom on **February 12, 2021 at 11:00 a.m.** before the Honorable Rebecca Grady Jennings, United States District Judge. The Court's Deputy will forward via email information to connect to the Zoom Hearing. **The Clerk of Court shall provide the defendant with a Punjabi Interpreter for this Zoom Hearing.**

(2) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds **the period of delay from October 19, 2020 to February 12, 2021 is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would deny counsel for Defendant and the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

(3) **IT IS FINALLY ORDERED** that the Defendant shall remain on his present bond further orders of the Court.

Copies to:	Counsel of record
	Interpreter Coordinator

Court Time:  00/11
Court Reporter:  Becky Boyd